Dear Mr. Burson:
This office is in receipt of your request for an opinion of the Attorney General in regard to the police jury budget. You ask, "Can the local judicial system (District Judges) supersede the local legislative body (Police Jury) in their local budgetary procedures?"
We are not sure what you mean by the question whether the district judges can supersede the police jury in their local budgetary procedures. However, based upon the statements in the resolution that there will only be a balanced budget "if every parish agency agrees to work together" and that "questions have arisen regarding the powers of the police jury to adopt a budget, and then to enforce its implementation, particularly as that budget may affect other parish agencies," we assume your question is whether the district judges can mandate a budget greater than that proposed for them by the police jury.
We feel the answer to your question is controlled by the decision of the Court in McCain v. Grant Parish Police Jury,440 So.2d 1373. (La.App. 1983). The issue presented was "whether a Court, as an equal member of our governmental triumvirate, has the inherent power to compel a legislative body, another of the co-equal branches of government, to budget the reasonable necessary expenses incurred to provide the basic needs of an efficient, effective court." The court stated, "We hold that courts in the state of Louisiana do possess such inherent power." It was further observed while the court had the inherent power to incur and compel the payment of debts for services and supplies reasonably necessary for its efficient and effective operation, such power is not unlimited in order to protect from abuse. It was concluded there was no showing of abuse inasmuch as the requests were both reasonable and necessary for the court to be provided basic services and supplies it needed to operate. The court stated if the police jury being the only branch of government with the ability to generate operating funds, refuses to provide the necessary money for the operation of the courts, the courts have only one avenue of relief available, "a suit to force the ministerial duty, mandamus."
The court has similarly held the police jury has a mandatory duty to furnish the District Attorney reasonable expenses in Reedv. Washington Parish Police Jury, 518 So.2d 1044
(La. 1988), and held a writ of mandamus is an appropriate device to compel the police jury to perform its mandatory duty to fund the reasonable expenses of the district attorney. The court stated the additional sources of revenue to the District Attorney were never intended to wrest the primary responsibility for funding from the legislative branch of government but observed, "The fact that these alternate funds exist suggests a need for cooperative intergovernmental relations."
Therefore, it would appear the agencies can mandate a budget which will allow them the reasonable and necessary expense to run their office, but as stated by the court there is "a need for cooperative intergovernmental relations."
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR